IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DANIEL B. CLARK, #194 417, ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:18-CV-1062-MHT |
| ) | |
| AL. DEPT. CORRECTIONS, ) | |
| ) | |
|     Defendant. ) | |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

### I.  INTRODUCTION

Daniel Bartholomew Clark, a state inmate and frequent federal litigant, initiated this 42 U.S.C. § 1983 action on December 21, 2018.  In his complaint, Clark seeks mandamus relief for actions which occurred at the Holman Correctional Facility.[1]  Doc. 1 at 1–5.  Upon review of the complaint, the court finds that this case should be transferred to the United States District Court for the Southern District of Alabama pursuant to 28 U.S.C. § 1406.[2]

### II.  DISCUSSION

A 42 U.S.C. § 1983 "action may be brought in − (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . .; or (3) if there is no district in which an action may otherwise be brought as provided

---

[1] To the extent Clark seeks to litigate claims on behalf of other inmates at Holman or throughout the other correctional institutions in the State of Alabama, the court notes he lacks standing to assert the constitutional rights of other persons.  *McGowan v. Maryland*, 366 U.S. 420, 429 (1961), *citing United States v. Raines*, 362 U.S. 17, 22 (1960) ("[A] litigant may only assert his own constitutional rights or immunities.").

[2] Clark has submitted an application for leave to proceed *in forma pauperis*.  Doc. 3.  The court finds assessment and collection of any filing fee should be undertaken by the United States District Court for the Southern District of Alabama.

in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b).  The law further provides that when a case is filed "laying venue in the wrong division or district" the court may, "if it be in the interest of justice, transfer such case to any district . . . where it could have been brought." 28 U.S.C. § 1406(a); *see also* 28 U.S.C. § 1404(a) ("For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district . . . where it might have been brought[.]")

Holman Correctional Facility is located within the jurisdiction of the United States District Court for the Southern District of Alabama.  Thus, the specific actions to which Clark was subjected and about which he complains occurred in the Southern District of Alabama.  Additionally, a majority of material witnesses and evidence associated with the claims relevant to Clark's allegations are located in the Southern District of Alabama.  Under these circumstances, Clark's claims are beyond the venue of this court.  The complaint shows that the proper venue for this cause of action is the United States District Court for the Southern District of Alabama.

In light of the foregoing, the court concludes that in the interest of justice and for the convenience of the parties, this case should be transferred to the United States District Court for the Southern District of Alabama for review and disposition.[3]

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge this case be TRANSFERRED to the United States District Court for the Southern District of Alabama under 28 U.S.C. § 1406(a).

It is further

---

[3] In transferring the instant case, this court makes no determination with respect to the merits of Clark's claims for relief nor whether he has named a proper defendant.

ORDERED that on or before **February 28, 2019**, Plaintiff may file an objection to the Recommendation.  Any objection must specifically identify the findings in the Recommendation to which Plaintiff objects.  Frivolous, conclusive or general objections will not be considered by the District Court.  Plaintiff is advised this Recommendation is not a final order and, therefore, it is not appealable.

Failure to file a written objection to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

Done this 14th day of February, 2019.

        /s/Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE